United States District Court
Southern District of Texas
**ENTERED**
May 22, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID W. ENGLISH, JR., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-23-1346 |
| | § | |
| STATE OF TEXAS, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

David English sued the State of Texas, appearing to allege (although it is unclear) housing discrimination by the City of Houston. The complaint, on its face, is unclear as to the identity of the defendants, the jurisdiction of this court, and Mr. English's entitlement to relief. The complaint states:

> I pray the court in my prayer of relief award damages of $200 million or maximum allowed by law and each instance of the violations, including the federal commissioners of such strategy No one goes to jail unless you want them to I just want to live in peace and out of harms way the community harassment "app" goes away. There are more productive voices in law-enforcement I appreciate your time and service to the country. I don't want a lawyer I just want my restitution and move on with my life productively, helping others live better lives the general public does not have a right to know everything. I believe that would compromise the pursuit of justice in these matters. You can set up the trust automatically. I might need civil protection you can enter that into the court documents if in the pursuit of justice, the only thing I'm looking for I will need public defender appointed to me

(Docket Entry No. 1 at 1).

Mr. English claims to have served the defendants, although again, it is unclear who the defendants are. (Docket Entry Nos. 5–7). There has been no response or appearance by any

defendant. Mr. English has filed what has been docketed as a "Prayer for Relief Theresa Williams DBA Vincent Estates." (Docket Entry No. 8). This docket entry appears to be a motion for default judgment. To the extent that this is a motion for default judgment, it is denied. Mr. English has not adequately named any defendant, and the record does not show that service has been appropriately made.

In reviewing the pleadings, the court is mindful that Mr. English represents himself. Courts construe pro se litigants' pleadings under a less stringent standard of review. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Under this standard, "[a] document filed pro se is 'to be liberally construed,' . . . and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But even under this lenient standard, a pro se plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting reference omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* No matter how well-pleaded the factual allegations may be, they must reveal that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).

The court finds that Mr. English has failed to meet these standards. The complaint does not set out factual allegations that could state a basis for the relief Mr. English seeks. The complaint is accordingly dismissed without prejudice. An order is dismissal is entered separately.

SIGNED on May 22, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge